UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LISA B.,

      Plaintiff,

v.                                 **MEMORANDUM OF LAW & ORDER**
                                      Civil File No. 22-02959 (MJD/TNL)

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

      Defendant.

---

Clifford Michael Farrell, Manring & Farrell, and Edward C. Olson, Reitan Law Office, Counsel for Plaintiff.

Ana H. Voss, United States Attorney's Office, and Emily Carroll and James D. Sides, Social Security Administration, Counsel for Defendant.

---

**I.    INTRODUCTION**

      This matter is before the Court on the parties' cross-Motions for Summary Judgment. (Doc. 16, 19.)

1

## II.   RELEVANT FACTS

Plaintiff Lisa B.[1] filed an application for supplemental security income benefits in February 2020, claiming that she became disabled on December 26, 2019.  (Admin. Rec. (Doc. 15) at 282.)  Plaintiff alleged multiple disabling conditions:  anxiety, arthritis in her hands and spine, back surgery, bad rotator cuffs, hearing impairments, chronic headaches, depression, and pinched nerves.  (Id. at 308.)  Plaintiff previously applied for supplement security income and disability insurance benefits in 2016, relying on similar disabling conditions.  (Id. at 303-05; see also Order, Lisa B. v. Saul, No. 19-cv-3188 (Doc. No. 31) (D. Minn. Oct. 16, 2020).)  Her previous applications were denied in November 2019.  (Id.)

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  In addition, an individual is disabled "only if [her] physical or

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden

of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work.  Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).  If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant can perform such work, the Commissioner will find that the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(v).

Plaintiff's application for benefits was denied initially and on reconsideration.  (Admin. Rec. at 193-96, 200-02.)  In September 2021, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application.  Plaintiff testified at this hearing, accompanied by a non-attorney representative.  (Id. at 38-62.)  After the hearing, the ALJ determined that Plaintiff had multiple severe impairments: hearing loss with bilateral BAHA implantation,[2] obesity,

---

[2] Although the parties do not explain this term, an internet search reveals that it is a bone-anchored hearing aid.  See National Center for Biotechnology Information, National Institutes of Health, "BAHA: Bone-Anchored Hearing Aid,"(last visited Oct. 17, 2023), archived at https://perma.cc/69KG-5923; see also Cleveland Clinic, "Bone-anchored Auditory Implant," (last visited Oct. 17, 2023), archived at https://perma.cc/9LL6-7T2V.

degenerative disc disease, tenosynovitis and arthritis in both thumbs, migraine headaches, bilateral shoulder impingement syndrome, degenerative joint disease/osteoarthritis of both knees, generalized anxiety disorder, and major depressive disorder.  (Id. at 13.)  The ALJ found, however, that Plaintiff's impairments did not meet or medically equal any listed impairments.  (Id.)  The ALJ then determined that Plaintiff had the capacity for sedentary, unskilled work with multiple physical and mental-health restrictions.  (Id. at 16-17.)  Although Plaintiff had no past employment, the ALJ found that there were jobs Plaintiff could perform in the national economy.  (Id. at 23-24.)  The ALJ therefore concluded that Plaintiff was not disabled.  (Id. at 25.)  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed.  See 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner).

### III. SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S DETERMINATION THAT PLAINTIFF IS NOT DISABLED

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole."  McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).  "Substantial evidence . . . is more than a mere scintilla."  Biestek v. Berryhill, 139

5

S. Ct. 1148, 1154 (2019) (quotation omitted).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  This "threshold . . . is not high."  Id.  "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision."  Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

### A.     Supportability and Consistency Analysis

Plaintiff argues that the ALJ failed to properly consider two medical opinions in the record.  According to Plaintiff, the ALJ did not sufficiently evaluate the supportability and consistency of the opinions of medical consulting examiner Dr. A. Neil Johnson and Plaintiff's treating therapist, Ms. Tara L. Tait.

The regulations require the ALJ to "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors."  Bowers v. Kijakazi, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)).  "The first two factors—supportability and

consistency—are the most important." Id. (citing 20 C.F.R. § 404.1520c(a)). The regulations further provide that the ALJ "will explain how he considered the supportability and consistency factors for a medical source's medical opinions . . . in your determination or decision." 20 C.F.R. § 404.1520c(b)(2). The ALJ need not, however, "explicitly reconcile every conflicting shred of medical evidence." Austin v. Kijakazi, 52 F.4th 723, 729 (8th Cir. 2022) (cleaned up). And "[n]o talismanic language is required for the ALJ to meet the requirements of § 404.1520c, only that the ALJ make it clear that they considered the supportability and consistency of an opinion." Mario O. v. Kijakazi, No. 21-CV-2469 (NEB/ECW), 2022 WL 18157524, at *11 (D. Minn. Dec. 13, 2022), R. & R. adopted by 2023 WL 136590 (D. Minn. Jan. 9, 2023).

### 1. Dr. Johnson

Dr. Johnson examined Plaintiff at the behest of the Commissioner. As the ALJ noted, he made a number of findings after his examination, including that Plaintiff had full range of motion in her fingers with "just slight" loss of motion in her thumbs. (Admin. Rec. at 19, 2213.) Although Plaintiff had tenderness in her back, neck, and shoulders, all of her range-of-motion tests in that area were within normal limits, with a slight decrease in range of motion in her lumbar

spine. (Admin. Rec. at 19, 2213-14.) The ALJ also noted that, while Dr. Johnson reported that Plaintiff used a cane or crutch three times per week, she did not use any assistive devices at the examination, walking with only a "slight limp." (Id. at 19, 2213.) Plaintiff also had "severe difficulty" squatting and tandem walking. (Id. at 19, 2213.) But most of Dr. Nelson's discussion of Plaintiff's symptoms was drawn from Plaintiff's reports of those symptoms, not from his examination, which showed mostly within-normal-range findings. (See id. at 2214 (discussing Plaintiff's reports of pain).)

Plaintiff mistakenly conflates the ALJ's summary conclusion that Dr. Nelson's opinions were not persuasive with the ALJ's analysis of Dr. Nelson's opinions. The ALJ thoroughly addressed Dr. Nelson's examination findings, and that discussion as well as the ALJ's discussion of Plaintiff's medical records as a whole provides substantial evidence to support the ALJ's explicit conclusion that Dr. Nelson's opinions were not supported by other evidence in the record and the ALJ's implicit conclusion that Dr. Nelson's opinions were not consistent with other evidence in the record. The ALJ did not fail to adequately address the supportability and consistency of Dr. Nelson's opinions.

8

### 2. Ms. Tait

Ms. Tait began treating Plaintiff in 2019. (Admin. Rec. at 21.) The ALJ noted that Ms. Tait's treatment notes consistently described Plaintiff as having a normal mental status but for observations of a depressed and anxious mood. (Id. at 22.) Ms. Tait's notes also frequently described Plaintiff's depression as improving and her anxiety as either stable or improving. (Id.) In April 2021, Ms. Tait completed a Mental Medical Source Statement regarding Plaintiff's ability to work. (Id. at 2206-10.) The Medical Source Statement indicated in a check-box form that Ms. Tait believed that Plaintiff had marked limitations in eight areas of functioning, including completing a normal workday and understanding and remembering very short and simple instructions. (Id. at 2208.) Ms. Tait also opined that Plaintiff had extreme limitations in maintaining attention and concentration for more than two hours, traveling in unfamiliar places, and setting realistic goals or making plans independently, and moderate limitations in the remaining ten areas of functioning. (Id.)

The ALJ concluded that Ms. Tait's opinions were not persuasive in light of Plaintiff's consistently normal mental status examinations that showed only a depressed and anxious mood. (Id. at 23.) Although the ALJ did not explicitly

state that Ms. Tait's opinions were not consistent with other evidence, the ALJ is not required to use any particular language when evaluating opinion evidence. See Mario O., 2022 WL 18157524, at *11. The ALJ's thorough discussion of Plaintiff's mental-health records establishes that the ALJ complied with the regulation's supportability and consistency requirements.

### B.     Conclusion

Substantial evidence supports the ALJ's determination that Plaintiff is not disabled.

Accordingly, based on all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED:**

(1)     Plaintiff's Motion for Judgment **[Doc. 16]** is **DENIED**;

(2)     Defendant's Motion for Summary Judgment **[Doc. 19]** is **GRANTED**; and

(3)     This matter is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  October 25, 2023

                                                   s/Michael J. Davis
                                                   Michael J. Davis
                                                 United States District Court